IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| JANICE R. HARLOW,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner, Social<br>Security Administration,<br><br>Defendant. | CV-09-69-GF-SEH-RKS<br><br>**FINDINGS AND<br>RECOMMENDATIONS OF<br>MAGISTRATE JUDGE** |

Plaintiff, Ms. Harlow, is proceeding in forma pauperis with this action, seeking review of the Commissioner os Social Security's decision that she is not entitled to benefits. (C.D. 2, 5.)

This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). The case is assigned to the undersigned to

-1-

issue Findings and Recommendations by operation of Local Rule 73.1(a).

Currently pending is Defendant Commissioner's Motion to Dismiss. (C.D. 9.) The motion is fully briefed and ripe for decision.

## I. DISCUSSION

The parties agree that Ms. Harlow has an appeal pending before the Appeals Council. Defendant seeks to have Ms. Harlow's amended complaint dismissed for lack of jurisdiction on the grounds that Ms. Harlow has not exhausted all administrative remedies. (C.D. 9.) Ms. Harlow asks the Court to waive the exhaustion requirement. (C.D. 14.)

This Court may only review a final decision of the Commissioner of Social Security. Kildare v. Saenz, 325 F.3d 1078, 1082 (9th Cir. 2003). Normally, the Appeals Council must deny a claimant's appeal before a decision becomes final. Sims v. Apfel, 530 U.S. 103, 106-107 (2000). A court may waive the exhaustion requirement when a claimant makes a claim 1) that is collateral to her claim for benefits; 2) that is colorable in its

showing that irreparable harm would result if relief were denied; and 3) whose resolution would not undermine the purposes of the exhaustion requirement. See Bowen v. City of New York, 476 U.S. 467, 484-485 (1986); Kildare, 325 F.3d at 1082.

Ms. Harlow does not meet the requirements for waiver, and thus her amended complaint should be dismissed for lack of jurisdiction. First, Ms. Harlow does not assert a claim that is collateral to her claim for benefits. Her amended complaint seeks judicial review of the Defendant's decision and an award of benefits, or in the alternative a remand. C.D. 6. Here entire claim in this court is dependent upon her claim for benefits. This is not a collateral claim. Kildare, 325 F.3d at 1082-1083 (collateral claims are "not essentially a claim for benefits."); Bowen, 476 U.S. at 483 (claim was collateral because it challenged how regulations were followed, not the award of benefits).

Second, permitting her claim to proceed would undermine the purposes of exhaustion. Administrative

review could remedy the errors alleged by Ms. Harlow, afford the court and the parties the benefit of the agency's experience and expertise, and will build an adequate record. Kildare, 325 F.3d at 1083-1084; Weinberger v. Salfi, 422 U.S. 749, 765-766 (1975).

Therefore, **IT IS HEREBY RECOMMENDED** that:

1. The Defendant's Motion to Dismiss (C.D. 9) should be **GRANTED**;

2. Ms. Harlow's amended complaint should be **DISMISSED** without prejudice.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The

district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 22nd day of December, 2009.


*/s/ Keith Strong*
Keith Strong
U.S. Magistrate Judge